IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OSCAR SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>DR. FENG LI, in his official capacity as the Chief Medical Examiner for the State of Tennessee and Medical Examiner for the Metropolitan Government of Nashville and Davidson County, Tennessee,<br><br>    Defendant. | **CAPITAL CASE**<br><br>No. _____<br><br>**EXECUTION SCHEDULED:**<br><br>**APRIL 21, 2022** |

## COMPLAINT FOR INJUNCTIVE RELIEF

> Know ye not that ye are the temple of God, and that the Spirit of God dwelleth in you? If any man defile the temple of God, him shall God destroy; for the temple of God is holy, which temple ye are.

1 Corinthians 3:16–17 (King James Version).

> What? Know ye not that your body is the temple of the Holy Ghost which is in you, which ye have of God, and ye are not your own?

1 Corinthians 6:19 (King James Version).

### INTRODUCTION

1. On April 21, 2022, the State of Tennessee intends to kill Plaintiff Oscar Smith by lethal injection. Thereafter, Defendant Dr. Feng Li intends to perform an autopsy on Mr. Smith's body.

2. Dr. Li's refusal to honor Mr. Smith's request, rooted in his sincerely held religious beliefs, not to have an autopsy after his death or any taking of bodily fluids violates the First Amendment's Free Exercise Clause and substantially

1

burdens the exercise of his religion in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*

## PARTIES

3. Plaintiff Oscar Smith is incarcerated under a sentence of death at Riverbend Maximum Security Institution in Nashville, Tennessee. He is scheduled to be executed on April 21, 2022.

4. Defendant Dr. Feng Li is the Chief Medical Examiner for the State of Tennessee and for the Metropolitan Government of Nashville and Davidson County, Tennessee. Mr. Smith sues Dr. Li in his official capacity.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 42 U.S.C. § 1983 and §§ 2000cc-1, 28 U.S.C. § 1331 (federal question), § 1343 (civil rights violations and equitable relief under an act of Congress), § 1651(a) (All Writs Act),

6. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 (declaratory relief), § 2202 (preliminary and permanent injunctive relief), by Federal Rule of Civil Procedure 57 and 65, and by the legal and equitable powers of this court.

7. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391. Plaintiff is incarcerated in this district; the execution will occur in this district. Defendant maintains offices in the Middle District of Tennessee, and, presumably, any autopsy conducted by Defendant will occur in this district. Thus, the events giving rise to this Complaint have and will occur in this district.

8. Mr. Smith is unaware of any State administrative remedy for requesting that the government, acting through Dr. Li, not perform an autopsy on his body.

## FACTS

9. The State of Tennessee intends to execute Mr. Smith on April 21, 2022.

10. After executing Mr. Smith, officials will give his body to Dr. Li.

11. Mr. Smith has sought assurances from counsel for Dr. Li that he will not perform an autopsy or other invasive procedures, including forensic, pathological, or other testing or procedure on his body or any part of his body (whether or not considered part of an autopsy or pathological investigation) that involves puncturing, cutting, sampling, or testing the body.

12. Dr. Li is unwilling to agree not to conduct post-mortem collection or drawing of samples of Mr. Smith's blood, urine, and vitreous fluids.

13. Upon information and belief, when a full autopsy is not conducted, urine is collected by aspirating from the bladder with a needle and syringe. Vitreous fluid is also aspirated from the eyeball with a needle and syringe.

14. Dr. Li is unwilling to agree not to perform an autopsy or other invasive procedures described in paragraphs 11 and 13 before the execution, but instead reserves the right to perform an autopsy or other invasive procedures described in paragraphs 11 and 13 if Dr. Li deems it necessary after the execution.

15. Mr. Smith is a life-long, devout Christian and has a sincerely held religious belief that treating his body as described in paragraphs 11 and 13 would be a mutilation of his body amounting to a desecration in violation of his beliefs. He

3

does not object to an external examination of his body after execution. *See* Ex. 1, Mr. Smith Aff.

## STATEMENT OF INCORPORATION

16. All allegations in this Complaint are incorporated into all sections as if fully set forth therein.

## CLAIMS FOR RELIEF

## CLAIM ONE

## THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT ("RLUIPA")

17. Mr. Smith incorporates the preceding paragraphs

18. The government's intention to conduct an autopsy or other invasive procedures on Mr. Smith's body violates his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc *et seq*. The Supreme Court recently articulated the protections provided by RLUIPA:

> RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution"—including state prisoners—"even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

*Ramirez v. Collier*, 142 S. Ct. 1264, 212 L. Ed. 262, 275–76 (2022) (quoting 42 U.S.C. § 2000cc–1(a)).

19. As the Supreme Court held in *Burwell v. Hobby Lobby Stores*, 573 U.S. 682 (2014): "In RLUIPA, in an obvious effort to effect a complete separation from First Amendment case law, Congress deleted reference to the

First Amendment and defined the 'exercise of religion' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Id.* at 696 (quoting 42 U.S.C. § 2000cc-5(7)(A)). RLUIPA aims to ensure "greater protection for religious exercise than is available under the First Amendment." *Holt v. Hobbs*, 574 U.S. 352, 357 (2015).

20. Mr. Smith's request not to have an autopsy or other invasive procedures performed on his body after execution is sincerely based on his Christian religious beliefs and not some other motivation.

21. The burden the government's intention to conduct an autopsy or other invasive procedures on his body imposes on Mr. Smith's religious exercise is substantial, as it contravenes his sincerely held religious beliefs that desecrating the body after death is contrary to Christian teaching.

22. The government's substantial imposition on Mr. Smith's religious exercise does not further a compelling governmental interest, nor is it the least restrictive means of furthering any compelling governmental interest.

23. Mr. Smith is thus entitled to relief for the violation of his rights under RLUIPA.

## CLAIM TWO:
## 42 U.S.C. § 1983: FIRST AMENDMENT FREE EXERCISE OF RELIGION

24. Mr. Smith incorporates the preceding paragraphs.

25. Mr. Smith's sincerely held religious beliefs outweigh any interest the government may have in performing an autopsy on his body or otherwise withdrawing fluids from him.

26. When a state hinders a prisoner's ability to freely exercise his religion, reviewing courts must determine whether the law or policy is neutral and generally applicable. *Church of the Lukumi Blbao Aye, Inc. v. Hialeah*, 508 U.S. 520, 531 (1993). If it is neutral and generally applicable, it can have an "incidental effect of burdening a particular religious practice." *Id.* If it is not neutral and generally applicable, the state must show a "compelling governmental interest" that is "narrowly tailored to advance that interest." *Id.*

27. "Government fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature." *Fulton*, 141 S. Ct. at 1876 (citing *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, 138 S. Ct. 1719, 1730–1732 (2018); *Lukumi*, 508 U.S. at 533).

28. "A law is not generally applicable if it invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions." *Fulton*, 141 S. Ct. at 1877 (cleaned up).

29. Dr. Li's intention to perform an autopsy or other invasive procedures notwithstanding the fact that such post-death procedures on Mr. Smith's body violate his sincerely held religious beliefs constitutes governmental conduct that is not neutral to religion. It is hostile toward religion, denying religious exercise at the

6

crucial time of death, treating Mr. Smith's body in a manner he believes contrary to God's will.

30. Such government conduct is thus permissible only if it can survive strict scrutiny, which it cannot. There is no compelling governmental interest necessitating conducting an autopsy or other invasive procedures as described in ¶ ##10.

31. In the event this Court finds that the State does have a compelling government interest in this matter, the government's intention to perform an autopsy or other invasive procedures is not the most narrowly tailored measure to advance that interest.

32. Therefore, Dr. Li's intention to perform an autopsy or other invasive procedures violates Mr. Smith's First Amendment rights under the Free Exercise clause.

## CLAIM THREE

## Tennessee's Preservation of Religious Freedom Statute
## Tennessee Code Annotated § 4–1–407

33. Mr. Smith incorporates the preceding paragraphs.

34. Tennessee's religious freedom statute states "[n]o government entity shall substantially burden a person's free exercise of religion unless it demonstrates that application of the burden to the person is: (1) Essential to further a compelling governmental interest; and (2) The least restrictive means of furthering that compelling governmental interest." Tenn. Code Ann. § 4-1-407(c)(1) & (2).

35. The government's intention to perform an autopsy or other invasive procedures violates Mr. Smith's rights under Tenn. Code Ann. § 4-1-407, as it substantially burdens his free exercise of religion and is not essential to further a compelling governmental interest. Further, if the Court were to find the government has a compelling government interest here, conducting an autopsy or other invasive procedures is not the least restrictive means of furthering that interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Oscar Smith prays that this Court provide relief as follows:

1. Enjoin Dr. Li, his officers, agents, employees, servants, and all persons in active concert or participation with him, from performing on Mr. Smith's body any forensic, pathological, or other action, testing or procedure (whether or not considered part of an autopsy or pathological investigation) that involves puncturing, cutting, sampling, or testing the body, including but not limited to any and all post-mortem collection or drawing of samples of Mr. Smith's blood, urine, and vitreous fluids;

2. Any further relief that this Court finds necessary and just.

Respectfully submitted,

AMY D. HARWELL, BPR #18691
Asst. Chief, Capital Habeas Unit

KATHERINE M. DIX, BPR #22778
Asst. Federal Public Defender

FEDERAL PUBLIC DEFENDER
FOR THE MIDDLE DISTRICT OF
TENNESSEE

810 Broadway, Suite 200
Nashville, TN 37203
Phone: (615) 736-5047

BY: /s/ Amy D. Harwell
Counsel for Oscar Smith